UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LINDA C. CHASE, <br><br> Plaintiff, <br><br> v. <br><br> REBECCA FISHER LAW FIRM and REBECCA L. FISHER, <br><br> Defendants. | CAUSE NO.: 2:24-CV-163-TLS-APR |

**OPINION AND ORDER**

This matter is before the Court on Defendant Rebecca L. Fisher's Motion to Dismiss [ECF No. 7]. For the reasons below, the Court grants the motion and dismisses the case pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

**PROCEDURAL AND FACTUAL BACKGROUND**

On May 13, 2024, Plaintiff Linda C. Chase filed a Complaint [ECF No. 1] against Rebecca L. Fisher, Lawyer, and Rebecca Fisher Law–Firm (collectively "the Defendant"), alleging a breach of contract claim based on an Attorney Employment Contract between the Plaintiff and Defendant Rebecca L. Fisher. *See* Compl. Ex. 1, ECF No. 1-1. Summons were issued separately to Defendant Rebecca L. Fisher and Defendant Rebecca Fisher Law Firm on June 20, 2024, and a return of service was filed on June 27, 2024. ECF Nos. 5, 6.[1]

On July 22, 2024, Defendant Rebecca L. Fisher filed the instant Motion to Dismiss [ECF No. 7], and the Plaintiff filed a response on July 29, 2024. No reply was filed, and the time to do so has passed.

---

[1] There are no allegations establishing Rebecca L. Fisher and Rebecca Fisher Law Firm as separate entities. The contract is between the Plaintiff and Rebecca L. Fisher, and, other than the separate summonses, the Plaintiff treats the two Defendants as one in her filings. Thus, for purposes of this Opinion, the Court treats them as one Defendant, Rebecca L. Fisher.

On July 24, 2024, the Plaintiff filed a Motion for Judgment by Default [ECF No. 9], asking the Court to enter a default judgment against Defendant Rebecca Fisher Law Firm for failing to respond to the Complaint.

On August 6, 2024, the Plaintiff filed a Motion for Summary Judgment [ECF No. 11], and on October 16, 2024, the Plaintiff filed a Motion Requesting the Court to Grant Summary Judgment [ECF No. 15].

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The court "take[s] the plaintiff's asserted facts as true and resolve[s] any factual disputes in [her] favor." *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (quoting *uBID, Inc. v. GoDaddy Grp.*, 623 F.3d 421, 423–24 (7th Cir. 2010)). "The plaintiff need not include facts alleging personal jurisdiction in the complaint, but 'once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction.'" *Id.* (quoting *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)). If the defendant provides an affidavit to show the lack of jurisdiction, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research*, 338 F.3d at 783. When the court does not conduct an evidentiary hearing on the question of personal jurisdiction, as in this case, "the plaintiff bears only the burden of making a prima facia case for personal jurisdiction." *Curry*, 949 F.3d at 392–93 (citing *uBID*, 623 F.3d at 423).

## ANALYSIS

As an initial matter, the Court denies as premature the Plaintiff's Motion for Judgment by Default because the Plaintiff did not first file a motion for entry of default. *See VLM Food*

2

*Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (recognizing that Federal Rule of Civil Procedure 55 creates a two-step process: "the establishment of the default, and the actual entry of a default judgment" (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004))); *see also Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 339 (7th Cir. 2004) ("The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment."). Moreover, the Plaintiff treats Defendant Rebecca L. Fisher and Defendant Rebecca Fisher Law Firm as one defendant. Therefore, the motion is also likely moot given that Rebecca L. Fisher filed the instant Motion to Dismiss in response to the Complaint.

Turning to the Motion to Dismiss, the Defendant moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). "A district court sitting in diversity has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction." *Purdue Research*, 338 F.3d at 779 (citation omitted). Indiana's long-arm statute extends to the limits of federal due process. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014) (citing *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006)). The Due Process Clause of the Fourteenth Amendment authorizes personal jurisdiction over an out-of-state defendant when that defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "The primary focus of [the] personal jurisdiction inquiry is the defendant's relationship to the forum State." *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017) (citing *Walden v. Fiore*, 571 U.S. 277, 283–86 (2014)). When considering the variety of interests at issue in determining whether personal jurisdiction is present, "the 'primary concern' is 'the burden on the

defendant.'" *Id*. at 263 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

Personal jurisdiction may be general or specific. *Id.* at 262 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ." *Id.* A court has specific jurisdiction over a defendant only if the "defendant's suit-related conduct . . . create[s] a substantial connection with the forum State." *Walden*, 571 U.S. at 284. "The inquiry must focus on 'the relationship among the defendant, the forum, and the litigation.'" *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017) (quoting *Walden*, 571 U.S. at 283–84). Importantly, "'the relationship must arise out of contacts that the defendant *[herself]* creates with the forum State,' and 'the defendant's contacts with the forum State itself.'" *Id.* at 552–53 (quoting *Walden*, 571 U.S. at 284); *see Advanced Tactical*, 751 F.3d at 801. Thus, specific jurisdiction is appropriate when "(1) the defendant has purposefully directed [her] activities at the forum state or purposefully availed [herself] of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (citation omitted). "The exercise of specific personal jurisdiction must also comport with traditional notions of fair play and substantial justice as required by the Fourteenth Amendment's Due Process Clause." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (citing *Int'l Shoe*, 326 U.S. at 316).

In this case, the facts of record do not support the Court's exercise of general or specific personal jurisdiction over the Defendant in the State of Indiana. The Complaint contains no allegations to support personal jurisdiction over the Defendant in this Court. As argued by the Defendant, the Plaintiff is not "at home" in this forum and she has not purposefully availed herself of the forum. The Defendant has no files, offices, employees, advertisement, or properties

in the forum state. There is nothing in the Complaint showing that the Defendant has any link to the forum. Also, the Defendant avers that she is an attorney licensed to practice in the State of Texas as well as before the United States District Courts for the Western, Eastern, Northern, and Southern Districts of Texas, the United States Fifth Circuit Court of Appeals, the United States Court of Federal Claims, the United States Court of Appeals for the Federal Circuit, and the United States Supreme Court. She further avers that at no time did she perform any work in Indiana during her representation of the Plaintiff and that she has no contacts, work, or presence in Indiana regarding the Plaintiff or any client. The parties' contract is between the Plaintiff, who was a Florida resident at the time, and the Defendant, a Texas resident. It appears that the Plaintiff now resides in Hammond, Indiana. Compl. 1, ECF No. 1. There is no part or performance of the contract at issue in Indiana or with an Indiana resident. The Plaintiff's response brief does not address the question of personal jurisdiction.

Accordingly, the Court does not have personal jurisdiction over the Defendant. Because the Court is granting dismissal for lack of personal jurisdiction, the Court does not reach the alternative arguments for dismissal raised by the Defendant.

## CONCLUSION

Based on the foregoing, the Court hereby DENIES as premature the Plaintiff's Motion for Judgment by Default [ECF No. 9] and GRANTS the Motion to Dismiss [ECF No. 7], dismissing the Plaintiff's Complaint without prejudice for lack of personal jurisdiction. As a result, the Court denies as moot the Plaintiff's Motion for Summary Judgment [ECF No. 11] and the Plaintiff's Motion Requesting the Court to Grant Summary Judgment [ECF No. 15].

SO ORDERED on October 24, 2024.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT