UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LINDA C. CHASE, | |
|     Plaintiff, | |
| v. | CAUSE NO.: 2:24-CV-163-TLS-APR |
| REBECCA FISHER LAW FIRM and REBECCA L. FISHER, | |
|     Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on a letter [ECF No. 19] filed by the Plaintiff Linda C. Chase on November 25, 2024, requesting a refund of the filing fee she paid in this case.[1]

On May 13, 2024, the Plaintiff filed a Complaint [ECF No. 1] against Rebecca L. Fisher, Lawyer, and Rebecca Fisher Law–Firm (collectively "the Defendant"), alleging a breach of contract based on an Attorney Employment Contract between the Plaintiff and Defendant. The Plaintiff filed a motion to proceed in forma pauperis, which the Court denied on May 20, 2024, based on the Plaintiff's income. On June 20, 2024, the Plaintiff paid the filing fee. On July 22, 2024, the Defendant filed a Motion to Dismiss on several bases, including lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), and the Plaintiff filed a response on July 29, 2024. Previously, on July 24, 2024, the Plaintiff had filed a motion for entry of default. And on August 6, 2024, the Plaintiff filed a motion for summary judgment; the deadline for the Defendant to respond was September 3, 2024. On October 24, 2024, the Court granted the motion to dismiss, dismissed the complaint without prejudice for lack of personal jurisdiction over the Defendant, and denied the remaining motions as moot.

---

[1] Although the letter is addressed to Chief Judge Brady, it is appropriate for the undersigned to address this case-specific request.

In her letter, the Plaintiff states she does not understand why it took the Court five months to determine that this cause of action "wasn't in the Northern District of Indiana's jurisdiction." She requests a refund of the filing fee because she will have to pay a filing fee to file the complaint in the correct court and because of the time it took for the court's decision.

However, "[f]iling fees are part of the costs of litigation." *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998). The Plaintiff's dissatisfaction with the outcome or its consequences is not a basis for a refund of the filing fee. *See Bell v. Clark*, 194 F.3d 781, 781–82 (7th Cir. 1999) ("There is no refund of a filing fee just because an appellant, petitioner, or other seeker of judicial review is dissatisfied with the outcome of [her] quest, whether that outcome is defeat on the merits or a refusal, for jurisdictional or other reasons, even to consider the merits."). In addition to lacking any relevance to the refund request, the Court's ruling within less than two months of the last deadline to file a brief on the pending motions was not unreasonable.

Accordingly, the Court hereby DENIES the Plaintiff's request [ECF No. 19] for a refund of the filing fee in this case.

SO ORDERED on December 3, 2024.

        s/ Theresa L. Springmann
        JUDGE THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT